IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON J. COLLINS, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 15-719-LPS |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

**MEMORANDUM**

## I. INTRODUCTION

Presently pending before the Court is Petitioner Jason J. Collins' Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition"). (D.I. 1) For the reasons set forth below, the Court will summarily dismiss the Petition as moot.

## II. BACKGROUND

Petitioner contends that the Delaware Department of Corrections has failed to apply all the credits due him against the Level V portion of his sixth violation of probation sentence, and that he "should have been released months ago." (D.I. 1 at 3) He asks to be immediately released. *Id.*

## III. STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(a), a federal district court can only entertain a habeas petition on behalf of a person in custody pursuant to the judgment of a State court. In turn, according to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990);

*United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002) (finding that actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *Kissinger*, 309 F.3d at 180.

## IV. DISCUSSION

Petitioner does not challenge the legality of his conviction. Rather, he contends that the Delaware Department of Corrections has improperly held him past his Level V release date. (D.I. 1 at 3) As explained in the Court's order dated December 11, 2015 (D.I. 4), it appears that Petitioner was released sometime after he filed the pending Petition. After noting the possibility that Petitioner had obtained his requested relief, the Court ordered him to show cause in writing by January 11, 2016 why the Petition should not be dismissed as moot. (D.I. 4 at 2) The Court explained that failure to file a timely response would result in the Court's ruling on the Petition as currently pending. *Id.* To date, Petitioner has not responded.

However, on January 6, 2016, in a decision affirming the Superior Court's denial of Petitioner's motion for correction of sentence, the Delaware Supreme Court explained that Petitioner "completed the Level V portion of his sentence and was released from custody." *Collins v. State*, 2016 WL 97465, at *1 (Del. Jan. 6, 2016). The Delaware Supreme Court also held that Petitioner's "release from Level V custody has rendered his request for Level V credit time moot."

2

*Id.*

Based on the foregoing, the Court concludes that Petitioner has been released from Level V custody, which means that he has obtained his requested relief. Accordingly, there remains no case or controversy and summary dismissal of the instant Petition as moot is appropriate.

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition as moot. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

March 19, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE